```
                                                              RECEIVED
         IN THE UNITED STATES DISTRICT COURT USDC CLERK, CHARLESTON, SC
            FOR THE DISTRICT OF SOUTH CAROLINA
                    CHARLESTON DIVISION            2007 OCT 25  A 8: 44
```

William V. Sheppard,              )     C. A. No. 2:07-0564-DCN-RSC
                                  )
              Plaintiff,          )
                                  )
        -versus-                  )     **REPORT AND RECOMMENDATION**
                                  )
The LPA Group, Inc.,              )
                                  )
              Defendant.          )

This employment discrimination case alleging discharge because of age and national origin discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, with an appended state law breach of contract claim, is before the undersigned United States Magistrate Judge for a Report and Recommendation on the defendant's motion to dismiss the action as untimely. 28 U.S.C. § 636(b).

The plaintiff, William V. Sheppard, filed a complaint in the Court of Common Pleas of the State of South Carolina, County of Charleston on January 31, 2007, which complaint was removed to this court by the defendant, The LPA Group Inc., on February 26, 2007, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The defendant filed a motion to dismiss on March 2, 2007, in which it asserted that from the face of the complaint it was apparent that the plaintiff did not file his Initial Charge of Discrimination within the statutorily prescribed time limit thus procedurally barring the court from

consideration of the plaintiff's claims. The plaintiff opposed the motion on March 25, 2007, and while agreeing that the actual Charge was filed untimely argued that it was a result of excusable neglect which would allow the action to go forward. The defendant filed a reply on April 2, 2007, and argued that there are no grounds which would give rise to an equitable tolling of the limitations period. Oral argument on the motion was had before the undersigned on May 16, 2007, at which the parties agreed that the court should consider submissions outside the pleadings which were filed by the parties and that the motion should be treated as a motion for summary judgment under Fed.R.Civ.P. 56. Hence, it appears that consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most

favorable to the non-moving party. <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." <u>Teamsters Joint Council No. 83 v. CenTra, Inc.</u>, 947 F.2d 115, 119 (4th Cir. 1991); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). Unsupported speculation is not enough to withstand a motion for summary judgment. <u>Ash v. United Parcel Service, Inc.</u>, 800 F.2d 409, 411-12 (4th Cir. 1986). Indeed, the court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." The court may not move beyond inference and into the realm of mere conjecture. <u>Lovelace v. Sherwin-Williams Co.</u>, 681 F.2d 230, 242 (4th Cir. 1982).

### **FACTS**

The plaintiff was employed with the defendant for a period of four years ending with his termination on July 27, 2005. On April 10, 2006, Plaintiff completed, but did not have notarized, the Initial Inquiry Questionnaire form. He mailed it to the Equal Employment Opportunity Commission (EEOC) that day. On April 17, 2006, Plaintiff telephoned the EEOC to ask if the

Initial Questionnaire had been received by the EEOC Office and if it been received within 300 days of the date on which he was fired.  At that time, Plaintiff was informed by the EEOC that the Initial Questionnaire had been received and that it was within 300 days of his termination.  Plaintiff was also told that Mark Delledonne was assigned to his case and that his EEOC number was 436-2006-00512.

One month later, on May 17, 2005, Plaintiff received a letter from Delledonne, which stated in pertinent part, that Sheppard had, in fact, not filed a Charge of Discrimination and Delledonne included the following warning:  "Since a Charge of Discrimination must be filed within 300 days from the last alleged date of harm, it is imperative that you file with the Agency as soon as possible and within the 300 day limit."  The letter further cautioned the plaintiff, "If we do not hear from you within 15 days after the date of this letter, we will assume that you are no longer interested in pursuing a charge of discrimination."  Plaintiff telephoned Delledonne that day, but was not able to reach him and left a message to asking Delledonne to call him back.  Later that same day, Delledonne returned Plaintiff's phone call, but was not able to reach him and left a message to asking Plaintiff to call him back.  Plaintiff did not call Delledonne back for several weeks.

In the interim, the three hundred (300) day limit ran on May 23, 2005.

Thereafter, as noted on Delledonne's log at the EEOC, Plaintiff called Delledonne again on June 3, 2005, but was unable to reach him and Delledonne did not call him back. Four months later, on October 3, 2006, the Plaintiff called Delledonne. That day Delledonne faxed the plaintiff an Initial Charge of Discrimination form and contacted him by phone. Plaintiff retained counsel on October 9, 2006, completed the Initial Charge of Discrimination form, had it notarized, and mailed it to the EEOC.

On October 17, 2006, the defendant received its first notice that a discrimination charge had been filed against it by the plaintiff. On November 30, 2006, the EEOC issued a Right to Sue Letter to the plaintiff. This suit followed on January 31, 2007.

## STATUTORY TIME LIMITATIONS

In order to bring a lawsuit under Title VII or the ADEA, a plaintiff is first required to properly exhaust his or her administrative remedies. Timely filing of the EEOC charge is not a jurisdictional prerequisite, but a precondition to filing in district court. The timeliness of the charge is a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127(1982). The Supreme Court has advised that the equitable doctrines of tolling and estoppel are to be applied sparingly. Zipes, at 393; Nat'l RR Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061 (2002).

Title VII and the ADEA establish a multi-step administrative procedure an employee must follow before filing a lawsuit in federal court. See, 42 U.S.C. § 2000e-5(b). These administrative procedures promote the important purposes of permitting prompt investigation, possible conciliation, and voluntary resolution of discrimination complaints. See, Patterson v. McLean Credit Union, 491 U.S. 164, 180-81, 109 S.Ct. 2363 (1989). Specifically, both Title VII and the ADEA mandate that a claimant must file a threshold Charge of Discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act. See, 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e). In the case of deferral states such as South Carolina, the filing deadline with the EEOC is extended to three hundred (300) days from the alleged discriminatory act, if the claimant initially institutes proceedings with the appropriate state agency (here, the South Carolina Human Affairs Commission ("SHAC")), or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See, 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e).

Therefore, pursuant to this statutory mandate, Plaintiff had three hundred (300) days until May 23, 2005, to file his administrative Charge with the EEOC alleging discrimination under Title VII and the ADEA. Plaintiff filed his Charge on October 9, 2006, which was 434 days after his termination on July 27, 2005, and 134 days past the statutory 300 day limit.

However, Plaintiff argued that his intake questionnaire should be considered by the court to be a formal and timely Charge of Discrimination; he asserts that he is entitled to equitable tolling of the limitations period because of his "excusable neglect."

Courts have recognized two situations in which an intake questionnaire may function as a charge. The first approach, which the Seventh Circuit has dubbed "substantial compliance," finds that when a completed intake questionnaire satisfies the requirements for a charge and the circumstances demonstrate that the EEOC acted on the intake questionnaire, the questionnaire may serve as the claimant's filed charge. Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992). This approach finds that if the EEOC itself triggers its own statutory obligations upon the receipt of an intake questionnaire, "it is hard to see what more to ask of the employee." Id. at 80; see also, Bost v. Fed. Express Corp., 372 F.3d 1233, 1235 (11th Cir.), cert. denied, 543 U.S. 1020 (2004)(finding that plaintiffs' claims were time-barred because case lacked exceptional circumstances, such as the EEOC acting on the intake questionnaire, to find that the questionnaire could suffice as a charge); Clark v. Coats & Clark, Inc., 865 F.2d 166 (3d Cir. 1982) (finding intake questionnaire fulfilled all of the ADEA's statutory objectives desired by Congress where employers received notification); cf. Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78-79 (5th Cir. 1982) (precluding

summary judgment in Title VII case where EEOC, upon receipt of complaint, initiated the administrative process).

Courts have found that intake questionnaires cannot be considered as charges when not verified. Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796 (8th Cir. 1998), cert. denied, 525 U.S. 1139 (1999) ("Intake questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge."); Lawrence v. Cooper Cmtys., Inc., 132 F.3d 447, 450 (8th Cir. 1998); Schleueter v. Anheuser-Busch, Inc., 132 F.3d 455, 459 (8th Cir. 1998); Park v. Howard Univ., 71 F.3d 904, 908-09 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996); Michelson v. Exxon Research & Eng'g Co., 808 F.2d 1005, 1010 (3d Cir. 1987); Buffington v. Gen. Time Corp., 677 F. Supp. 1186, 1192-93 (M.D. Ga. 1988); Hamel v. Prudential Ins. Co., 640 F. Supp. 103, 105 (D. Mass. 1986); Austin v. Russell County Sch. Bd., 1990 WL 300259, No. 89-0074-A (W.D. Va. Sept. 27, 1990).

Alternatively, courts have found that misleading conduct by the EEOC can be a basis for tolling the administrative statute of limitations. Early, 959 F.2d at 81. Compare Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 543 (7th Cir. 1988)(holding that where the EEOC informed claimant that it would be treating the intake questionnaire as a charge, but did not do so, claimant's action would not be barred), with Diez v. Mimmesota Min. and Mfg. Co., 88 F.3d 672, 677 (8th Cir. 1996) (finding intake questionnaire could not function as a charge because no evidence

that state agency misled claimant).

While the Fourth Circuit has not directly addressed the precise issue of whether if, and if so when, a questionnaire constitutes a charge, it has held that filing "a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the charge." Balzas v. Liebenthal, 32 F.3d 151, 156 (4th Cir. 1994), see also, EEOC v. Appalachian Power Co., 568 F.2d 354, 355 (4th Cir. 1978) (holding that a charge not taken under oath or affirmation is not a valid charge).

Plaintiff's response relies on the EEOC regulation governing the sufficiency of charges, 29 C.F.R. § 1601.12(b)2, and the Supreme Court's decision in Edelman v. Lynchburg College, 535 U.S. 106 (2002), for the proposition that the Questionnaire constitutes a proper charge, despite the absence of an oath therein. Edelman does not address the form of the charge, which is the issue here, but rather specifically held that the EEOC regulation itself, 29 C.F.R. § 1601.12(b), which permits a timely filer to verify his charge after the expiration period, is a valid regulation. Id. at 118-119. ("Our judgment does not, however, reach the conclusion that . . . Edelman's letter was not a charge under the statute because neither he nor the EEOC treated it as one."). Edelman specifically addresses the "relation back" issue and limits its holding to the "oath or affirmation" aspect of filing an EEOC charge, stating that there is nothing plain in the reading of "charge" to require, by

definition, an oath. Id. at 113.

In short, the "relation back" principle as delineated in Edleman only applies where the earlier filing actually operates as a charge. Id.; see also, Hollon v. La. Pacific Corp., 2005 WL 1398711, C/A 9:04-CV-183, at 3 (E.D. Tx. June 14, 2005) ("In fact, the relation-back principle set forth by Edelman only applies where the earlier filing actually operates as a charge.").

## DISCUSSION

A review of the record and relevant case law reveals that the defendant's motion should be granted and this matter ended.

The Intake Questionnaire should not be substituted for a charge in this case because (a) the EEOC did not notify LPA of the filing of the Questionnaire as if it were a charge and did not treat it as a formal charge which would otherwise have triggered its investigative process; (b) the EEOC gave Sheppard express notice prior to the expiration of the statutory period that he had not yet filed a charge; and (c) the Questionnaire was not signed under oath or verified.

In the instant case, as a threshold matter, the Questionnaire should not be substituted for a Charge of Discrimination because the Questionnaire did not fulfill the "significant functions" of a charge as outlined in the Pijenburg decision, inasmuch as (1) the EEOC did not notify LPA based on the Questionnaire that a charge had been lodged against it; and

(2) the EEOC did not treat Sheppard's Questionnaire as a charge of discrimination which would have otherwise triggered the investigatory process.

As to the first issue, the EEOC did not notify LPA, as the defending employer, that a complaint had been lodged against it in April 2006, when the Questionnaire was filed. See Affidavit of Mary Nagel Cushman, attached hereto as Exhibit A ("Cushman Aff."), at ¶ 3. Rather, LPA received notice of the charge for the first time on October 17, 2006, after Sheppard filed his untimely formal charge. Id. 1 The Case Notes of the EEOC investigator, Mark Delledonne, comport with this timeline, as they do not evidence any contact with LPA prior to October 2006. See Case Log, attached as Exhibit B. Accordingly, LPA had no notice in April 2006 that a complaint had been lodged against it.

In addition, the record is undisputed that the EEOC did not treat the Questionnaire as a charge for purposes of triggering its investigative process until October 2006. On May 17, 2006, Delledonne, the EEOC investigator, sent Plaintiff a letter which stated, in pertinent part, that Plaintiff had, in fact, not filed a charge of discrimination and he included the following warning: "Since a Charge of discrimination must be filed within 300 days from the last alleged date of harm, it is imperative that you file with the Agency as soon as possible and within the 300 day limit." The letter further cautioned, "If we do not hear from you within 15 days after the date of this letter, we will

assume that you are no longer interested in pursuing a charge of discrimination." This letter appears to clearly show that the EEOC itself did not consider the Questionnaire a Charge and that Plaintiff had to take further action before it would do so.

Second, the Delledonne letter put Plaintiff on notice both that he had not filed a charge and that it was "imperative" that he do so within the prescribed time limitation. In short, the EEOC told Plaintiff that he had not done everything he was required to do to preserve his claim. Further, it appears that Plaintiff understood that the Questionnaire was not a charge because he later filed an actual Charge. Based on the Delledonne Letter, Plaintiff cannot claim ignorance.[1] In the words of the Eleventh Circuit, Plaintiff should not be allowed to transform an unverified document "willy nilly" into a Charge, simply to revive a claim for a dilatory plaintiff who otherwise knew better.

Third, the Questionnaire was not signed under oath or verified. The Questionnaire was not verified by Plaintiff or signed under oath and, therefore, did not meet the procedural requirements of 42 U.S.C. § 2000e-5(b). Plaintiff's failure to comply with these well-established requirements is fatal to his claim. See, e.g., Balzas v. Liebenthal, 32 F. 3d 151, 156 (4th Cir. 1994) (holding that filing "a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the

---

[1] Moreover, Plaintiff is a college educated engineer, not a person who could not understand the serious implications of his failure to file, as set forth in the Delledonne letter.

charge."); EEOC v. Appalachian Power Co., 568 F.2d 354, 355 (4th Cir. 1978) (holding that a charge not taken under oath or affirmation is not a valid charge).

Lastly, in response to Plaintiff's reliance on the EEOC regulation governing the sufficiency of charges, 29 C.F.R. § 1601.12(b)2, and the Supreme Court's decision in Edelman v. Lynchburg College, 535 U.S. 106 (2002), for the proposition that the Questionnaire constitutes a proper charge, despite the absence of an oath, it appears that argument is misplaced, Edelman does not address the form of the charge, which is the issue here, but rather specifically held that the EEOC regulation itself, 29 C.F.R. § 1601.12(b), which permits a timely filer to verify his charge after the expiration period, is a valid regulation. Id. at 118-119. ("Our judgment does not, however, reach the conclusion that . . . Edelman's letter was not a charge under the statute because neither he nor the EEOC treated it as one."). Edelman specifically addresses the "relation back" issue and limits its holding to the "oath or affirmation" aspect of filing an EEOC charge, stating that there is nothing plain in the reading of "charge" to require, by definition, an oath. Id. at 113. There is no reason to apply equitable principles which should be used sparingly to save these claims.

In conclusion, it appears that Plaintiff's ADEA and Title VII causes of action should be dismissed with prejudice for failure to timely exhaust the administrative process.

**REMAINING STATE LAW BREACH OF CONTRACT CLAIM**

If the court accepts this report and recommendation, then it is further recommended that the court exercise its discretion to decline jurisdiction over the breach of contract cause of action. Pursuant to the general doctrine developed in <u>United Mineworkers v. Gibbs</u>, 383 U.S. 715 (1996), federal courts may decline to exercise supplemental jurisdiction over state law claims once the federal claims have been dismissed. <u>See</u> <u>also</u>, 28 U.S.C. § 1367(c); <u>Carnegie Melon v. Cohill</u>, 484 U.S. 343 (1988); <u>Taylor v. Waters</u>, 81 F.3d 429, 437 (4th Cir. 1996); <u>In Re Conklin</u>, 946 F.2d 306, 324 (4th Cir. 1991). Counts I and II provided the sole basis for federal jurisdiction. Therefore it appears that the court should dismiss without prejudice the remaining state law claim.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants be granted summary judgment on Plaintiff's ADEA and Title VII causes of action and that the remaining state law breach of contract cause of action be dismissed without prejudice to its being brought in state court.

Respectfully Submitted,

*/s/ Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
October **24**, 2007