UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William V. Sheppard, | ) | C/A No.: 2:07-564-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The LPA Group, Incorporated, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

1

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et seq., as well as a state law cause of action for breach of contract. Plaintiff originally filed the action in state court, and defendant, The LPA Group, Incorporated ("LPA"), timely removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

LPA filed a motion to dismiss on March 2, 2007. After full briefing by the parties, the Magistrate Judge held a hearing on the motion to dismiss on May 16, 2007. The transcript of the hearing reflects that the parties both submitted evidence outside of the pleadings for the court's consideration of the motion to dismiss, and without objection by the parties, the Magistrate Judge treated the motion as one for summary judgment.

The Magistrate Judge filed a detailed and comprehensive Report on October 25, 2007, recommending that defendant's motion for summary judgment be granted as to plaintiff's Title VII and ADEA claims. The Report also recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim, dismissing it without prejudice with leave to refile in state court.

Plaintiff filed an objection memorandum on November 12, 2007, and LPA filed a response to plaintiff's objections on November 29, 2007. Plaintiff appears to assert two objections to the Report: (1) that the Magistrate Judge improperly treated LPA's motion to dismiss as one for summary judgment, and (2) that the Magistrate Judge erred in concluding

2

that plaintiff's submission of an "initial inquiry questionnaire" did not constitute a charge of discrimination.

In light of the standard set out above, the court has reviewed, de novo, the record, the law, the report and recommendation of the Magistrate Judge, together with plaintiff's objections thereto, and LPA's response. The court finds, as an initial matter, that LPA is entitled to a dismissal of the complaint. However, even converting the motion to one under the summary judgment standard, the court finds there are no genuine issues of material fact under Fed. R. Civ. P. 56, such that LPA is entitled to judgment as a matter of law on plaintiff's federal claims. Finally, the court declines to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim, and remands it for further proceedings in state court.

### I.  Plaintiff's Title VII and ADEA Claims Cannot Survive Under a Motion to Dismiss Standard

A motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts to support a claim that would entitle plaintiff to relief for that claim. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). In considering a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and resolve every doubt in plaintiff's favor. The plaintiff's allegations are to be taken as true for the purposes of ruling on the motion. Jenkins v. McKeithen, 395 U.S. 411, 421–22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. Murray v. City of Milford, 380 F.2d 468, 470 (2d Cir. 1967). However,

the court may not consider conclusions of law or unwarranted deductions of fact. Mylan Laboratories, Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1059 (D.Md. 1991). The court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistently with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Title VII gives initial enforcement responsibility to the EEOC. Chacko v. Patuxent Institution, 429 F.3d 505 (4th Cir. 2005). An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act. Id., 42 U.S.C. § 2000e-5(e)(1). In a deferral state such as South Carolina, the filing deadline with the EEOC is the earlier of 300 days from the alleged discriminatory act or within thirty days of the state agency's termination of its proceedings. See 42 U.S.C. § 2000e-5(e), 29 U.S.C. § 626(d)(2). After the charge has been filed, the EEOC investigates the alleged unlawful acts and provides notice of the charges to the employer within ten days. 42 U.S.C. § 2000e-5(b). An individual cannot bring suit until he has exhausted the administrative process. See 42 U.S.C. § 2000e-5(b), (f)(1); ; 29 C.F.R. § 1601.28. And as the Fourth Circuit has noted, "the administrative process is an integral part of the Title VII enforcement scheme." Chacko, 429 F.3d at 510.

Plaintiff specifically relies on his termination as constituting the sole alleged discriminatory act giving rise to his claims of discrimination. According to the allegations in his complaint, plaintiff worked for LPA for four and one half years, serving as the

National Director of Business Development. (Complaint ¶¶ 15, 16.) Plaintiff was terminated on July 25, 2005. (Complaint ¶¶ 18, 25.) On October 5, 2006, plaintiff filed a charge of discrimination against LPA with the EEOC. (Complaint ¶ 10.) The plaintiff's allegations are to be taken as true for the purposes of ruling on the motion. See Jenkins, supra. It is undisputed that the period between plaintiff's termination and the filing of his EEOC charge is greater than 300 days.

However, plaintiff's allegations appear to change in his opposition brief, where he suggests for the first time that his submission of the initial inquiry questionnaire should be considered his charge of discrimination, and not the October 5, 2006 charge that he alleged in his complaint. However, it is well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. Mylan Laboratories, 770 F. Supp. 1068. Therefore, analyzing the issues on a motion to dismiss standard, as plaintiff argues in his first objection to the Report that the court must, the court finds it appropriate to dismiss plaintiff's discrimination claims as time-barred.

### II.     LPA is Entitled to Dismissal Under a Motion for Summary Judgment Standard

Notwithstanding the court's finding that plaintiff's discrimination claims are subject to dismissal, the court will also review plaintiff's second objection which argues, apparently in the alternative, that the Magistrate Judge erred in concluding that the plaintiff's submission of an initial inquiry questionnaire did not modify the administrative requirement that a charge be filed within 300 days. Because this argument requires consideration of an argument and

documents outside of the pleadings, the court must apply the summary judgment standard. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In his objection, plaintiff appears to argue that the Magistrate Judge erred in not tolling the 300 day period for filing his charge of discrimination. Plaintiff's argument appears to be that his submission of an unverified initial inquiry questionnaire to the EEOC on April 10, 2006 relieved him of responsibility to comply with the statutory mandate of 42 U.S.C. § 2000e-5(e) and 29 U.S.C. § 626(d)(2) because the EEOC "fail[ed] to initialize the process." Plaintiff alleges that he called the EEOC on April 17, 2006 to ensure it had received his questionnaire within the 300 days, and was reassured by the EEOC that it had. However, as plaintiff concedes, the EEOC sent him a letter dated May 17, 2006 which stated:

> Dear Mr. Sheppard:
>
> The Commission is in receipt of the General Intake Questionnaire sent to the Greenville Local Office alleging discrimination against your employer. Since we were unable to contact you by telephone, this letter is to allow you to contact us.
>
> Please call the undersigned with a time to schedule an appointment during normal business hours either over the phone at the office in Greenville. If we do not hear from you within 15 days after the date of this letter, we will assume that you are no longer interested in pursuing a charge of discrimination.

> Since a Charge of discrimination must be filed within 300 days from the last alleged date of harm, it is imperative that you file with the Agency as soon as possible and within the 300 day limit.
>
> You may contact me at 864-241-4411.
>
> Sincerely,
> s/Mark Delledonne
> Investigator

(Exhibit D to LPA's Reply in Support of its Motion to Dismiss).

Plaintiff's objection states that the letter was "in direct contradiction to the statements made to the Plaintiff when he called the EEOC on April 17th," but instead of immediately calling the EEOC to clarify, plaintiff chose to wait fifteen days later – after the 300th day passed – to call the EEOC. Plaintiff argues, unpersuasively, that the letter instructed him to contact the EEOC within 15 days. The reasonable inference from reading the letter would compel the reader to act immediately, and suggests that the EEOC would effectively close the file if it did not hear from plaintiff within 15 days. The court finds the letter cannot be reasonably read, as plaintiff urges, to administratively suspend the 300 day deadline and excuse plaintiff's failure to file a proper and timely charge. To the extent that plaintiff has submitted out-of-circuit authority to the contrary, the court rejects the same.

Equitable relief is usually only applicable when there has been affirmative misconduct, such as on the part of the defendant or SCHAC/EEOC employees which kept plaintiff from timely filing a charge. No such misconduct appears in this case. Viewing the evidence presented in this case and the inferences to be drawn therefrom in the light most

favorable to plaintiff, the court finds a ruling of equitable tolling is not warranted. Therefore, even converting the motion to dismiss to one under summary judgment, plaintiff's discrimination claims must be dismissed.

For the foregoing reasons, the court adopts those portions of the report and recommendation of the Magistrate Judge that are consistent herewith. The plaintiff's objections are overruled, and the defendant's motion to dismiss is granted as to plaintiff's Title VII and ADEA claims. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law breach of contract claim, and remands it to the Court of Common Pleas, Charleston County, South Carolina, where the complaint was originally filed.

IT IS SO ORDERED.

February 15, 2008                          s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge